UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUIS ROBY, SR. | CIVIL ACTION |
| VERSUS | NO. 20-2257 |
| ANNIE BRITTON, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, GEICO CASUALTY COMPANY AND RPM PIZZA, LLC | SECTION "R" (5) |

## ORDER AND REASONS

Plaintiff moves to remand to state court.[1] Defendant opposes the motion.[2] Because defendant's removal is untimely, the Court grants the motion.

### I.    BACKGROUND

This case arises from a car accident. Plaintiff, Louis Roby, Sr., alleges that on February 16, 2019, defendant Annie Britton rear-ended his vehicle.[3] Plaintiff contends that, as a result of the accident, he suffered injuries

---

[1]   *See* R. Doc. 8.
[2]   *See* R. Doc. 10.
[3]   *See* R. Doc. 1-1 at 1-2 ¶¶ III-V.

necessitating medical treatment.[4] On February 6, 2020, plaintiff sued Britton and Britton's alleged insurer, State Farm Mutual Automobile Insurance Company.[5] Plaintiff also sued his own alleged uninsured motorist carrier, GEICO Casualty Company.[6] On March 2, 2020, plaintiff filed a supplemental and amending petition for damages in state court.[7] There, plaintiff adds RPM Pizza LLC (d/b/a Domino's Pizza) as a defendant[8] and alleges that defendant Britton was acting in the course and scope of her employment with RPM Pizza at the time of the accident.[9] The parties indicate that Roby and Britton are both citizens of Louisiana.[10] Plaintiff's state court petition indicates that State Farm,[11] GEICO,[12] and RPM Pizza[13] are all foreign companies.

The parties represent that plaintiff has settled his claims with all defendants except RPM. Plaintiff argues that on May 28, 2020, in response to RPM's request for production, he provided RPM with the settlement

---

[4] *See id.* at 2 ¶ VII.
[5] *See id.* at 2 ¶ IX.
[6] *See id.* at 3 ¶ XI.
[7] *See id.* at 5.
[8] *See id.* at ¶ 1.
[9] *See id.* at 5.
[10] *See id.* at 1 ¶ 1.
[11] *See id.* at 1 ¶ 1.
[12] *See id.*
[13] *See id.* at 5.

documents showing that he settled his claims with Britton and State Farm.[14] But RPM argues that Roby failed to attach the settlement documents in his May 28, 2020 response, and merely wrote the words "see settlement documents attached."[15]

Notwithstanding this dispute, Roby and RPM agree that on June 18, 2020, RPM received a copy of State Farm's proposed Restricted Motion to Dismiss with Prejudice.[16] That document indicates, among other things, that "all of plaintiff's demands against State Farm Mutual Automobile Insurance Company and Annie Britton have been fully compromised and settled."[17]

RPM removed the case to this Court on August 13, 2020.[18] On September 9, 2020, plaintiff moved for remand.[19] Plaintiff argues, among other things, that RPM's removal was untimely.[20] The Court considers the parties' arguments below.

---

[14]     *See* R. Doc. 8-1 at 3.
[15]     *See* R. Doc. 10 at 2-3.
[16]     *See id.* at 3.
[17]     *See* R. Doc. 1-1 at 11.
[18]     *See* R. Doc. 1.
[19]     *See* R. Doc. 8.
[20]     *See* R. Doc. 8-1 at 13.

## II. LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, No. 95-668 1995 WL 419901, at *2 (E.D. La. July 13 1995). "Any ambiguities are construed against removal." *Manguno*, 276 F.3d at 723. Though the Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Here, the parties do not dispute that the amount-

in-controversy requirement is satisfied. However, complete diversity is contested. Ordinarily, having a plaintiff and a defendant who reside in the same state would destroy complete diversity. *See McLauhlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). And when a nondiverse party is properly joined as a defendant, no defendant may remove the case under 28 U.S.C. § 1332. But a defendant may remove by showing that the plaintiff cannot state a claim under state law against the non-diverse defendant. *Menendez v. Wal-Mart Stores, Inc.* 364 F. App'x 62, 69 (5th Cir. 2010).

## III.   DISCUSSION

### A.   Complete Diversity

Both Roby and defendant Britton are citizens of Louisiana, which suggests that there is no complete diversity in this case. But the parties agree that Roby and Britton entered into a settlement agreement known in Louisiana as a "*Gasquet* release."[21] Taking its name from *Gasquet v. Commercial Union Ins.*, 391 So. 2d 466 (La. App. 4 Cir. 1980), a *Gasquet* release relieves the alleged tortfeasor from personal liability, but the tortfeasor remains a named defendant for the purpose of preserving plaintiff's claim against the tortfeasor-defendant's excess insurer. "[B]y

---

21   *See* R. Doc. 8-1 at 5; R. Doc. 10 at 5-6.

executing a *Gasquet* release in a settlement agreement, a plaintiff . . . releases the insured 'from all claims which might be recovered from the [insured] directly,' reserving claims against the insured 'only to the extent that collectible coverage' is afforded by an excess insurance policy." *RSUI Indem. Co. v. Am. States Ins.*, 127 F. Supp. 3d 649, 657 (E.D. La. 2015) (quoting *Gasquet*, 391 So. 2d at 470-71)).

> The release in this case provides in relevant part:

> I, Louis Roby, hereby release and forever discharge Debra Reed, State Farm Insurance Companies, and Annie Britton, except to the extent necessary to legally preserve the remaining claims against other defendants and insurers (more particularly RPM Pizza, L.L.C. d/b/a Domino's Pizza and any of its insurers). in accordance with the holding of *Gasquet v. Commercial Union Ins. Co.* . . .

Although the release is "adorned with language that appears superficially *Gasquet*-like," the release does not implicate the concerns at issue in *Gasquet*. *Durel v. Howard*, No. 13-5991, 2013 WL 6499723, at *2 (E.D. La. Dec. 11, 2013). In *Gasquet*, the plaintiff settled with the tortfeasor's primary liability insurer and continued to pursue his claim against the tortfeasor's excess insurer. *Gasquet*, 391 So. 2d at 470-72. But here, the sole remaining defendant is RPM Pizza d/b/a Domino's Pizza, which plaintiff alleges is Britton's *employer*.

6

Louisiana law does not require a plaintiff to reserve rights against an alleged tortfeasor to bring a claim against the alleged tortfeasor's employer. *See, e.g.*, *Soileau v. Smith True Value & Rental*, 144 So. 3d 771, 786 (La. 2013) ("Louisiana law no longer requires a reservation of rights be included in a release to protect a settling plaintiff's right to pursue his or her claims against non-settling solidary obligors."); *Sampay v. Morton Salt Co.*, 395 So. 2d 326, 328 (La. 1981) ("[T]he employee and the employer are solidary obligors, it follows that, if the victim releases one but reserves his rights to proceed against the other, he may do so."); *see also Etienne v. National Auto. Ins.*, 759 So. 2d 51, 55 (La. 2000) ("[D]ismissal of a solidary obligor from suit does not prohibit an oblige from proceedings against remaining solidary obligors." (citing La. Civ. Code art. 1802)).

And the state court dismissed Roby's claims against Britton with prejudice, reserving his rights "*only to the extent necessary* to legally preserve his remaining claims . . . [against] RPM Pizza, L.L.C. d/b/a Domino's Pizza and any of *its* insurers."[22] Thus, the only remaining defendant, RPM Pizza, is unaffected by Britton's release, and there is no indication that Britton was an insured under any policy, other than State Farm's policy, that might afford coverage for plaintiff's claims. *Durel*, 2013

---

[22] *See* R. Doc. 1-1 at 11 (emphases added).

7

WL 6499723, at *2. As a result, the Court will not consider Britton's citizenship for the purposes of diversity jurisdiction. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *see also Durel*, 2013 WL 6499723, at *2 (discounting the citizenship of a defendant against whom plaintiff had no possibility of recovery). Accordingly, the Court finds that the settlement document releasing Britton rendered this matter removable by eliminating the only non-diverse party from the suit.

### B. Timeliness of Removal

Generally, a defendant has thirty days from service to remove a matter to federal court. *See* 28 U.S.C. § 1446(b)(1)("The notice of removal of a civil action or proceeding shall be filed within 30 days by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."). The statute creates an exception when a case "by the initial pleading is not removable," and, in those instances, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The Fifth Circuit has held that communications between the parties' attorneys as to settlement terms can constitute an "other paper." *Addo v. Globe Life & Acc. Ins.*, 230 F.3d 759, 762 (5th Cir. 2000) (holding that a post-complaint letter concerning settlement terms can constitutes 'other paper' under § 1446(b)); *see also Horton v. Bank One, N.A.*, 387 F.3d 426 (5th Cir. 2004) (holding that a settlement offer which indicated for the first time that the amount in controversy exceeded $75,000, constituted an 'other paper'). Whether a document is an "other paper" starting the removal clock depends on whether the information supporting removal is "unequivocally clear and certain." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

The Court finds that the thirty-day removal clock began on June 18, 2020, when RPM received Roby's Restricted Motion to Dismiss with Prejudice.[23] That document indicates that "all of plaintiff's demands against State Farm Mutual Automobile Insurance Company and Annie Britton have been fully compromised and settled."[24] The motion further mirrors the language of the settlement document, as it indicates that Roby reserves "his

---

[23]  *See* R. Doc. 10 at 3.
[24]  *See* R. Doc. 1-1 at 11.

9

rights to proceed against Britton, but only to the extent necessary" to proceed against "RPM Pizza, L.L.C. d/b/a Domino's Pizza and any of its insurers."[25] RPM does not dispute that it received this document on June 18, 2020.[26]

RPM cites a single issue to argue that it was not "unequivocally clear and certain" from the Restricted Motion that the matter was removable—the Restricted Motion reserved plaintiff's rights against GEICO too,[27] indicating to RPM that GEICO remained a party in this suit. Without citation to any authority, RPM argues that the Court must count GEICO as a non-diverse party based on the citizenship of its insured, plaintiff Roby.[28]

Title 28, United States Code, Section 1332(c)(1) assigns a defendant insurer the citizenship of the state of its insured in some limited circumstances. The statute provides: "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of every State and foreign state of which the insured is a citizen." But "[t]he general rule has always been that the direct action proviso does not affect

---

[25] *See id.* at 11.
[26] *See* R. Doc. 10 at 3. Nor does RPM dispute that plaintiff filed the unrestricted motion on July 8, 2020. *Id.* Either date, June 18, 2020 or July 8, 2020 would place RPM outside of the 30-day window to remove to federal court.
[27] *See id.*
[28] *See id.* at 2.

10

suits brought by an insured against his own insurer."[29] *Bowers v. Continental Ins.*, 753 F.2d 1574, 1576 (11th Cir. 1985); *see also Ljuljdjuraj v. State Farm Mut. Auto. Ins.*, 774 F.3d 908, 910 (6th Cir. 2014) (writing that the direct action proviso "does not apply to suits brought by an insured against her own insurer because such a suit is not a 'direct action against the insurer of a policy or contract of liability insurance.'"). There is no dispute that GEICO is *plaintiff*'s insurer, not the tortfeasor's.[30] Consequently, GEICO's citizenship is unaffected by the direct action proviso. *See Bowers*, 754 F.2d at 1576; *Ljuljdjuraj*, 774 F.3d at 910.

Given that the Restricted Motion made clear that Roby had settled his claims against Britton, the sole in-state defendant, the Court finds that on

---

[29] The direct-action proviso "was adopted by Congress in response to state laws in Louisiana and Wisconsin that permitted injured plaintiffs to sue directly the insurers of tortfeasors without joining the tortfeasors as defendants." *Ljuljdjuraj v. State Farm Mut. Auto. Ins.*, 774 F.3d 908, 910 (6th Cir. 2014). The proviso's effect is to "deny federal diversity jurisdiction in cases where the plaintiff and the defendant insurer are citizens of different states, but the plaintiff and the insured tortfeasor are citizens of the same state." *Medical Res. Ctr., Inc. v. St. Paul Property & Liab. Ins.*, 303 F. Supp. 2d 811, 814 (E.D. La. 2004). Neither the statute's plain language, nor the circumstances giving rise to its passage, contemplate the proviso's application to a plaintiff's suit against his own insurer. *See id.* ("The direct action proviso is not applicable to a simple coverage dispute between the insured and his own insurer.").

[30] *See* R. Doc. 1-1 at 3 ¶ XI (plaintiff's state-court petition for damages); *see also* R. Doc. 1 at 2 ¶ 3 (RPM's Notice of Removal) (referring to GEICO as "[p]laintiff's uninsured/underinsured motorist carrier").

11

June 18, 2020, RPM Pizza received an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446. RPM had thirty days, or until July 18, 2020, to remove to this Court. RPM did not remove this matter until August 13, 2020. Consequently, the Court finds that RPM's removal was untimely, and the Court must remand this matter to the state court.

### III.  CONCLUSION

For the foregoing reasons, the plaintiff's motion to remand is GRANTED.

New Orleans, Louisiana, this __30th__ day of December, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE